# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2029
_____

United States of America

*Plaintiff - Appellee*

v.

David Rafael Walker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: June 8, 2026
Filed: August 12, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

A jury found David Rafael Walker guilty of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Walker timely appeals the district court's[1] denial of his motion for judgment of acquittal and its admission of certain hearsay statements at trial. We affirm.

_____

[1]The Honorable C.J. Williams, Chief United States District Judge for the Northern District of Iowa.

On December 17, 2021, Walker was driving down a street when another driver fired several shots at him. In response, Walker opened his driver's side door and brandished a firearm, prompting the shooter to drive away. When law enforcement arrived, Walker and two other people were standing around his vehicle. Upon noticing law enforcement, all three sprinted away. Walker chose to return to his vehicle, however, and law enforcement searched it. Beneath the driver's seat, officers found a gun and a bag of marijuana hidden inside a hat. Walker admitted to possessing the marijuana.

At trial, the government presented evidence suggesting that Walker possessed a firearm both before and during the December 17 shooting. First, Cedar Rapids Police Investigator Chip Joecken testified that witnesses had identified Walker as a participant in a shooting on December 14, 2021. Second, the government introduced a recorded interview in which Shayla Vesey identified Walker as one of the December 14 shooters. Third, Cedar Rapids Police Officer Christopher Hennessy provided summary testimony of Vesey's interview. Fourth, Hennessy testified that another woman, Shalia Lewis, reported that Walker came to her residence and displayed a firearm in October 2021. Fifth, Investigator Joecken testified regarding the statements of Kiley Cooper, an eyewitness to the December 17, 2021, shooting. And sixth, the government admitted a recording of Joecken's interview of Cooper. Walker did not move to exclude any of this testimony as inadmissible hearsay.

During his trial, Walker did not argue that the government failed to establish any of the elements of the felon in possession charge. He instead presented a justification defense, claiming he brandished the firearm in self-defense. Despite being duly instructed as to the justification defense, the jury found Walker guilty. The district court subsequently sentenced him to 120 months of imprisonment, and Walker appeals his conviction.

First, Walker argues that his conviction must be reversed because the evidence presented established his justification defense. We disagree.

"We review challenges to the sufficiency of the evidence de novo." *United States v. Johnson*, 745 F.3d 866, 868–69 (8th Cir. 2014). "We view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence" and "will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (quoting *United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013)).

To prove a violation of § 922(g)(1), the government must establish beyond a reasonable doubt that "(1) the defendant previously had been [and knew he had been] convicted of a crime punishable by imprisonment of more than one year", (2) the defendant knowingly possessed a firearm, and (3) the firearm had been in or affected interstate commerce." *United States v. Roberts*, 787 F.3d 1204, 1211 (8th Cir. 2015); *see also United States v. Jackson*, 110 F.4th 1120, 1123 (8th Cir. 2024). At trial, Walker stipulated that he was, and knew he was, previously convicted of a felony and that the firearm was affected by or traveled in interstate commerce. But Walker contested his knowing possession of the firearm. Specifically, Walker presented a "justification defense," arguing that he was legally justified in possessing the firearm because he "was shot at multiple times," and he had "no time to call 911" or find another alternative to defend himself. Walker, however, testified that he "showed the gun, [and] acted like I was going to shoot . . . ." *See United States v. Stoltz*, 683 F.3d 934, 940 (8th Cir. 2012) ("Actual possession refers to the knowing, direct, and physical control over a firearm, whereas constructive possession is established by proof that the defendant had control over the place where the firearm was located, or control, ownership, or dominion of the firearm itself." (cleaned up)).

Although we have never affirmatively established the existence of a justification defense to § 922(g)(1), *see United States v. Deberry*, 137 F.4th 729, 733 (8th Cir. 2025), the district court did instruct the jury on Walker's justification defense.[2] *See United States v. Dinkins*, 688 F. App'x 408, 409 (8th Cir. 2017) (reciting four elements a defendant must demonstrate if a district court permits a

---

[2]Walker does not argue that the district court's instruction was erroneous.

justification defense).  But, notwithstanding the instruction, "we do not agree that the defense negates or contravenes [Walker's] knowing possession of the firearm." *Deberry*, 137 F.4th at 733; *see also United States v. Becerra*, 958 F.3d 725, 730 (8th Cir. 2020) ("Knowing possession, regardless of motive, is all that matters.").  In other words, the justification defense "does not negate an element of the offense," and, instead, "could justify his knowing possession such that he could not be held criminally liable if the jury believed his testimony."  *Deberry*, 137 F.4th at 733.  So, Walker's argument on appeal "come[s] down to whether the jury should have believed the government's witnesses or his own."  *United States v. Neavill*, 868 F.2d 1000, 1006 (8th Cir. 1989) (discussing insanity defense).

We conclude there is no basis to overturn the jury's decision to reject Walker's justification defense and find him guilty.  *See United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010) ("A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony.").  As discussed above, the government presented evidence to support a finding that Walker violated § 922(g)(1).  Walker, in contrast, failed to establish all the elements of his defense, including that he got rid of the firearm as soon as a safe opportunity arose.[3] *See United States v. Still*, 6 F.4th 812, 816 (8th Cir. 2021) (explaining elements of the justification defense).  Therefore, there was sufficient evidence to support the jury's verdict and we find no error.

Second, Walker argues the district court violated the Confrontation Clause by admitting hearsay statements within Investigator Joecken's testimony, Officer Hennessy's testimony, and audio recordings of interviews conducted by these officers, despite failing to object to these statements at trial.  We disagree.

---

[3]Evidence showed that Walker returned to the SUV after the shooting but did not dispose of the firearm or alert law enforcement of its existence.  Additionally, several witnesses testified they saw Walker possessing a firearm in the days prior to the shooting.

Because Walker did not object to these statements, "we review only for plain error." *United States v. Waters*, 70 F.4th 467, 470 (8th Cir. 2023). "Plain error requires that a defendant show '(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Robinson*, 982 F.3d 1181, 1186 (8th Cir. 2020) (quoting *United States v. Bonnell*, 932 F.3d 1080, 1082 (8th Cir. 2019)). "An error affects a substantial right if there is 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Simmons*, 70 F.4th 1086, 1091 (8th Cir. 2023) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

Even assuming some of their testimony was inadmissible hearsay, its admission did not affect Walker's substantial rights. The other uncontested evidence presented at trial — surveillance footage, body camera footage, DNA evidence, and testimony of live witnesses — overwhelmingly supports the jury's verdict. The alleged hearsay statements were "just 'an extra helping' of what the jury had already heard." *United States v. Spotted Bear*, 920 F.3d 1199, 1202 (8th Cir. 2019) (quoting *United States v. Ramos-Caraballo*, 375 F.3d 797, 803 (8th Cir. 2004)). Of the testimony that Walker contests on appeal, only two pieces dealt with the shooting at issue, and they were largely cumulative of the live testimony offered at trial. *See, e.g.*, *Waters*, 70 F.4th at 471 (noting admission of cumulative hearsay testimony was "unlikely to have affected the outcome of the trial"). The other evidence Walker contests on appeal dealt with his involvement in the December 14 shooting. Given the overwhelming nature of the admissible evidence, there is no reasonable probability Walker would not have been found guilty absent this evidence. Therefore, the district court did not plainly err in admitting the challenged testimony.

For these reasons, we affirm the judgment of the district court.

_____